| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>TRIBUNAL DE APELACIONES<br>PANEL X | | |
| BÁRBARA FELICIANO BONILLA<br><br>Peticionaria<br><br><br>V.<br><br>JAVIER CRUZ MEDINA<br><br>Recurrido | TA2026CE00662 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.: LP2024CV00047<br><br>Sobre:<br><br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2026.

Barbara Feliciano Bonilla solicita la revisión de dos resoluciones interlocutorias que emitió el Tribunal de Primera Instancia, Sala de Humacao, los días 6 y 23 de abril de 2026. En la primera, permitió que el demandado levante la defensa afirmativa de novación. En la segunda, denegó la reconsideración de la demandante y declaró no ha lugar la solicitud para que se declaren renunciadas las defensas de enriquecimiento injusto, derecho de tanteo y dolo.

Evaluado el recurso, se deniega su expedición.

## I.

El 20 de marzo de 2024, la señora Bárbara Feliciano Bonilla presentó una demanda contra Javier Cruz Medina sobre liquidación de comunidad de bienes e incumplimiento de

contrato.[1] En síntesis, alegó que las partes eran dueños de bienes muebles e inmueble adquiridos en comunidad de bienes en participaciones iguales de cincuenta por ciento cada uno; consistentes en una residencia localizada en Urbanización Paseo de los Artesanos, Las Piedras, Puerto Rico y una Lancha Wellcraft. Alegó que el 29 de febrero de 2020 las partes otorgaron un documento intitulado Acuerdos sobre Administración y Enajenación de Bienes en Comunidad, el cual el demandado lo ha incumplido. Indicó que el demandado se encontraba en pleno disfrute de esos bienes en perjuicio de la demandante.

Luego de otros trámites, el 11 de julio de 2024, el señor Javier Cruz Medina contestó la demanda e interpuso una reconvención para solicitar los pagos que ha realizado a los bienes y/o deudas que pertenecían a la comunidad.

Posteriormente, la representación legal de la parte demandada solicitó su relevo y el tribunal lo autorizó. Más adelante, el foro primario le anotó la rebeldía al señor Cruz Medina. El 17 de enero de 2025, Cruz Medina interpuso una *Urgentísima moción en solicitud de que se levante la rebeldía, moción en cumplimiento de orden y asumiendo representación legal*[2]. Entre otras cosas, en la moción incorporó las defensas de enriquecimiento injusto, derecho de tanteo y dolo.

El 17 de enero, notificada el 21 de enero de 2025, el foro primario emitió una *Orden*[3] para tomar conocimiento del escrito, dejar sin efecto la anotación de rebeldía y señalar la conferencia inicial para el 17 de marzo de 2025.

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, *In re*: Reglamento del Tribunal de Apelaciones, 2025 TSPR 42, 215 DPR _____, entrada 1.
[2] SUMAC TPI, entrada 35.
[3] SUMAC TPI, entrada 36.

El 8 de mayo de 2025 el demandado Cruz Medina presentó una *Moción en solicitud de enmendar reconvención*[4]. Alegó que del descubrimiento de prueba surgió que las partes de epígrafe adquirieron un préstamo de *Small Business Administration* que grava la propiedad en controversia. Reclamó entonces la deuda de $75,962.18 como parte de la liquidación ganancial.

De otro lado, el 21 de mayo de 2025 la demandante Feliciano Bonilla presentó una *Moción solicitando enmendar demanda* para incorporar una partida de daños y perjuicios por incumplimiento de contrato por una cantidad no menor de $20,000.00.

El 22 de mayo de 2025 el foro primario autorizó la enmienda a la reconvención que interpuso el demandado Cruz Medina, por lo que, el 27 de mayo de ese año, este presentó la Reconvención enmendada.[5]

Mientras tanto, el 11 de junio de 2025, Cruz Medina presentó una *Moción en oposición de enmendar la demanda en relación a incumplimiento de contrato e indemnización de daños y perjuicios*[6]. Adujo que luego de los acuerdos en el año 2020, las partes llegaron a otros acuerdos verbales y otorgaron una escritura de refinanciamiento en el año 2021. Informó que solicitó copia de la escritura al Banco como evidencia de que los acuerdos entre las partes cambiaron posterior al acuerdo suscrito.

En Orden[7] emitida el 12 de junio de 2025, el foro primario autorizó la presentación de la escritura como evidencia de la modificación de los acuerdos. No obstante, el 17 de junio de 2025, la parte demandante solicitó *Reconsideración*[8] de dicha

---

[4] SUMAC TPI, entrada 53.
[5] SUMAC TPI, entrada 62.
[6] SUMAC TPI, entrada 72.
[7] SUMAC TPI, entrada 73.
[8] SUMAC TPI, entrada 76.

Orden para evitar que el tribunal fuese expuesto a evidencia que no había sido presentada conforme al procedimiento civil. Sobre este asunto, el 17 de junio, notificada el siguiente 18 de junio de 2025, el foro primario decretó *Ha Lugar* la reconsideración.[9] No obstante, ese mismo 17 de junio de 2025, notificada el siguiente día 18, el foro primario le ordenó[10] a la parte demandada que entregara a la demandante la escritura de refinanciamiento de hipoteca.

Así las cosas, el 18 de junio de 2025, el señor Cruz Medina presentó una *Moción en cumplimiento de orden[11].* Con ella, anejó la Escritura número 281 sobre Cancelación Parcial y Modificación de Hipoteca otorgada por las partes el 24 de agosto de 2021.

Entretanto, el 16 de junio de 2025, la parte demandante había presentado una *Réplica a "moción en oposición de enmendar la demanda en relación a incumplimiento de contrato e indemnización de daños y perjuicios"[12]* En esta la demandante respondió a las alegaciones del demandado. El 17 de junio de 2025 el foro primario emitió una *Resolución Interlocutoria[13]* declarando *Ha Lugar* a la "Moción solicitando enmendar demanda bajo la R. 16.1".

Luego de múltiples trámites procesales, el 10 de marzo de 2026, el foro primario[14] emitió una orden en la cual reseñaló la *Conferencia con Antelación al Juicio* para el 13 de abril de 2026.

Días después, el 19 de marzo de 2026, el señor Cruz Medina presentó una *Moción en solicitud de enmendar reconvención[15].* Alegó que las partes otorgaron la Escritura Núm. 281 sobre

---

[9] SUMAC TPI, entrada 79.
[10] SUMAC TPI, entrada 80.
[11] SUMAC TPI, entrada 81.
[12] SUMAC TPI, entrada 75
[13] SUMAC TPI, entrada 78.
[14] SUMAC TPI, entrada 130.
[15] SUMAC TPI, entrada 131.

Cancelación Parcial y Modificación de Hipoteca, el 24 de agosto de 2021. Adujo que dicha escritura modificó los acuerdos iniciales entre las partes creando una novación. Fundamentó su petitorio en la Regla 13.1 de Procedimiento Civil dispone que, en los casos en que ya media alegación responsiva, una parte podrá enmendar sus alegaciones con permiso del Tribunal, y que dicho permiso se concederá liberalmente cuando la justicia así lo requiera.

El 3 de abril de 2026 la señora Feliciano Bonilla presentó una *Moción de oposición a Moción en Solicitud de Enmendar Reconvención.* [16] A grandes rasgos alegó que la parte demandada sabía de la existencia de la escritura de modificación desde que suscribió la misma, por lo que pudo haber levantado la defensa de novación desde la Contestación a la Demanda y no lo hizo. Indicó que, su solicitud más bien era para levantar la defensa de novación, ante la reclamación de incumplimiento de contrato que esta incoó. Sostuvo que a tenor con la Regla 6.3 de Procedimiento Civil, el demandado renunció a esa defensa, pues debía plantearla al responder a la alegación, o se tendría por renunciada, salvo la parte advenga en conocimiento de la existencia de esta durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente.

Evaluado el asunto, el 6 de abril de 2026, el foro primario autorizó la enmienda a la reconvención que interpuso Cruz Medina. En desacuerdo, el 20 de abril de 2026, la señora Feliciano Bonilla solicitó reconsideración.[17] El 23 de abril de 2026, el foro primario emitió una *Resolución Interlocutoria* para declarar *No Ha Lugar* la Reconsideración.

---

[16] SUMAC TPI, entrada 133.
[17] SUMAC TPI, entrada 138.

Aun inconforme, la señora Feliciano Bonilla acudió a este foro de revisión intermedio en el que planteó los siguientes señalamientos:

PRIMERO: Erró el Tribunal de Primera Instancia al autorizar a la parte demandada enmendar sus alegaciones para levantar la defensa afirmativa de novación por primera vez luego de ésta haber sido renunciada.

SEGUNDO: Erró el Tribunal de Primera Instancia al Declarar NO HA LUGAR nuestra solicitud de que se declaren renunciadas las defensas de enriquecimiento injusto, derecho de tanteo y dolo, por no cumplir con los requisitos establecidos por las Reglas de Procedimiento Civil y la jurisprudencia en cuanto a la presentación de defensas afirmativas.

Se le concedió término a la parte recurrida para presentar su posición y luego dicha parte solicitó una prórroga, la cual se le concedió. Finalmente, compareció. Evaluado el recurso, disponemos.

## II.

## A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. Allio v. Santiago Chardón, 2026 TSPR 13, 217 DPR ___ (2026); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023). El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311, 321 (2005).

En particular, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, para la revisión de determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Al evaluar un recurso de certiorari, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de certiorari. <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. Allio v. Santiago Chardón, *supra*; BPPR v. SLG Gómez-López, 213 DPR 314, 334-335 (2023). De igual manera, es norma reiterada que los jueces de instancia tienen gran flexibilidad y discreción para lidiar con el manejo diario y tramitación de los asuntos judiciales. BPPR v. SLG Gómez-López, *supra*, pág. 333; In re Collazo I, 159 DPR 141, 150 (2003). Ahora bien, la discreción cede en las circunstancias en las que se demuestre que éstos actuaron con prejuicio o parcialidad; incurrieron en un craso abuso de discreción, o se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. BPPR v. SLG Gómez-López, *supra*, págs. 334-335; Rivera et al. v. Arcos Dorados et al., *supra*, pág. 210.

Nuestro sistema de justicia "va siempre orientado a su propósito central de que en los casos aflore la verdad para así colocar al juzgador en posición de hacer justicia". In re Aponte Berdecía, 161 DPR 94, 107 (2004); Sarah Torres Peralta, El Derecho Notarial Puertorriqueño, edición especial, San Juan, First Book Publishing of P.R., 1995, sec. 4.90.

**B.**

La Regla 13.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, rige las enmiendas a las alegaciones y estatuye lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. (Énfasis nuestro).

La Regla 13.1 de Procedimiento Civil, permite a las partes en un pleito enmendar sus alegaciones para incluir cuestiones omitidas o para clarificar reclamaciones. Colón Rivera v. Wyeth Pharm., 184 DPR 184, 197 (2012). Las enmiendas pueden ampliar las causas de acción expuestas en la demanda original o pueden añadir una o más causas de acción. Dist. Unidos Gas v. Sucn. Declet Jiménez, 196 DPR 96, 117 (2016); Ortiz Díaz v. R. & R. Motors Sales Corp., 131 DPR 829, 837 (1996). El requisito del consentimiento del tribunal para una parte poder enmendar sus alegaciones dependerá del momento en que se propone el cambio. León Torres v. Rivera Lebrón, 204 DPR 20, 35 (2020). Conforme dispone la Regla 13.1 de Procedimiento Civil *supra*, no hará falta la aprobación judicial si la enmienda se presenta antes de que se notifique una alegación responsiva. Si la alegación no admite alegato en respuesta, se permitirá igualmente la enmienda dentro del término de veinte días de haberse notificado, siempre y cuando el caso no haya sido señalado para juicio. León Torres v. Rivera Lebrón, *supra*.

En los otros supuestos, la autorización para enmendar las alegaciones, a tenor con esta Regla, debe concederse liberalmente. Regla 13.1 de Procedimiento Civil, *supra*; Colón Rivera v. Wyeth Pharm., *supra*, pág. 198; SLG Font Bardón v. Mini-Warehouse, 179 DPR 322, 334 (2010). Así que, aunque el tribunal cuenta con discreción para conceder las solicitudes liberalmente, ejercitará su discernimiento guiado por los criterios rectores siguientes: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. León Torres v. Rivera Lebrón, *supra*, págs. 35-36; SLG Font Bardón v. Mini-Warehouse, *supra*; SLG Sierra v. Rodríguez, 163 DPR 738, 748 (2005).

Así la Regla 13.1 de Procedimiento Civil, *supra*, establece la pauta de que el permiso para que una parte enmiende sus alegaciones "se concederá liberalmente cuando la justicia así lo requiera." Texaco P.R. Inc. v. Díaz, 105 DPR 248, 250 (1976). La liberalidad tiene sus restricciones en circunstancias demostrativas de que la omisión [de presentarla a tiempo] no se debió a falta de diligencia y que por otro lado no ha de irrogarse substancial perjuicio en términos de una solución justa, rápida y económica a la parte contra quien se opone. Texaco P.R. Inc. v. Díaz, *supra*, aludiendo a Epifanio Vidal, Inc. v. Suro, 103 DPR 793 (1975), en igual sentido, Torres Cruz v. Municipio de San Juan, 103 DPR 217 (1975).

Por otro lado, entre las normas generales que establecen las Reglas de Procedimiento Civil están aquellas atinentes a las defensas afirmativas. Así, la Regla 6.3 de Procedimiento Civil, 32 LPRA Ap. V R. 6.3, establece como sigue:

Al responder a una alegación, las siguientes defensas deberán expresarse afirmativamente: (a) transacción, (b) aceptación como finiquito, (c) laudo y adjudicación, (d) asunción de riesgo, (e) negligencia, (f) exoneración por quiebra, (g) coacción, (h) impedimento, (i) falta de causa, (j) fraude, (k) ilegalidad, (l) falta de diligencia, (m) autorización, (n) pago, (o) exoneración, (p) cosa juzgada, (q) prescripción adquisitiva o extintiva, (r) renuncia y cualquier otra materia constitutiva de excusa o de defensa afirmativa.

Estas defensas deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente.

Cuando la parte denomine equivocadamente una defensa como una reconvención, o una reconvención como una defensa, el tribunal, cuando así lo requiera la justicia y bajo los términos que estime apropiados, considerará la alegación como si se hubiese denominado correctamente.

Según surge de la regla antes citada, una característica importante de estas defensas es que se entienden renunciadas si no se aducen al responder a una alegación, es decir, en la alegación responsiva. Conde Cruz v. Resto Rodríguez et al., 205 DPR 1043, 1064 (2020); Regla 6.3 de Procedimiento Civil, *supra.* Véase Díaz Ayala et al. v. E.L.A., 153 DPR 675, 696 (2001). Aunque el Tribunal Supremo ha indicado que la defensa afirmativa que no es levantada a tiempo se considera renunciada, hizo la salvedad a ello cuando, "se demuestre que no se le omitió por falta de diligencia". López v. J. Gus Lallande, 144 DPR 774, 792 (1998); Texaco P.R., Inc. v. Díaz, *supra*; Epifanio Vidal, Inc. v. Suro, *supra*, págs. 794-95.

De igual manera, la propia Regla 6.3 de Procedimiento Civil, *supra*, permite a un demandado aducir una defensa afirmativa que no planteó en la contestación a la demanda "si los hechos que la fundamentan se conocen con posterioridad a la presentación de la contestación y con motivo del descubrimiento

de prueba [...]". <u>Conde Cruz v. Resto Rodríguez et al.</u>, *supra*; citando a R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2202, pág. 291. En ese caso, corresponde al demandado enmendar con premura su contestación a la demanda para incluir la defensa afirmativa que omitió aducir por desconocer que la tenía disponible cuando contestó la demanda. <u>Conde Cruz v. Resto Rodríguez et al.</u>, *supra;* <u>Texaco P.R., Inc. v. Díaz</u>, *supra*.

De manera que, la Regla 6.3, establece como excepción a levantar la defensa afirmativa por primera vez, luego de que una parte ha presentado su primera alegación responsiva, en casos en que, "la parte advenga en conocimiento de la existencia de esta durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente." J. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. II, pág. 403. Pero ello, en algunas instancias, no es fatal a la defensa, si en el juicio se plantea de una manera que no resulta en una sorpresa injusta. J. Cuevas Segarra, Op. Cit. pág. 404.

Igualmente, el Tribunal Supremo ha indicado que las disposiciones sobre defensas afirmativas deben leerse en el contexto general de las Reglas, cuya función es, ante todo, garantizar que se haga justicia. Ver, <u>Texaco P.R. Inc. v. Díaz</u>, *supra*.

### III.

La parte peticionaria alegó que la "novación" es una defensa afirmativa que comprende materia de naturaleza sustantiva y/o materia constitutiva de excusa, por la cual la parte demandada no debe responder a las reclamaciones instadas en su contra. Arguyó, en síntesis, que como defensa afirmativa debía exponerse

al momento de contestar la demanda, de lo contrario, se entiende renunciada. Mencionó que se permite la enmienda en casos en que la defensa afirmativa se fundamenta en prueba conocida durante el descubrimiento de prueba. Adujo que el demandado se limitó a mencionar que advino en conocimiento de la escritura, durante el descubrimiento de prueba, pero no demostró la diligencia que realizó para conocer el documento. Señaló que la escritura fue otorgada el 24 de agosto de 2021 y era del conocimiento del demandado desde la fecha en que la suscribió. Revisamos.

La causa ante la consideración de este foro inició en el año 2024, cuando la señora Feliciano Bonilla instó una demanda de liquidación de comunidad de bienes e incumplimiento de contrato contra el señor Cruz Medina. En el transcurso del pleito, el 21 de mayo de 2025, la demandante solicitó enmendar la demanda para incluir una reclamación de $20,000 en daños por incumplimiento de un acuerdo suscrito por las partes el 29 de febrero de 2020. En respuesta a este planteamiento, el 11 de junio de 2025 la parte demandada se opuso a la enmienda y solicitó al foro primario que le permitiera presentar una escritura, que otorgaron las partes, como evidencia de las modificaciones de los acuerdos. Más adelante, el 19 de marzo de 2026, y previo al señalamiento de la conferencia con antelación al juicio, la parte demandada presentó una solicitud para enmendar la reconvención. El foro primario autorizó este petitorio en la Resolución aquí recurrida.

Luego de realizar un examen de los hechos que informa esta causa y del derecho aplicable a la controversia ante nuestra consideración, a la luz de la Regla 52.2 de Procedimiento Civil y los criterios contenidos en la Regla 40 del Reglamento de este Tribunal, *supra*, concluimos que el caso no reviste las

circunstancias que justifican nuestra intervención en esta etapa de los procedimientos.

La demandada no ha demostrado que el planteamiento de novación, por el otorgamiento de una escritura, le haya causado perjuicio o fuese sorpresiva. Igualmente, el Tribunal Supremo ha indicado que las disposiciones sobre defensas afirmativas deben leerse en el contexto general de las Reglas, cuya función es, ante todo, garantizar que se haga justicia. Ver, <u>Texaco P.R. Inc. v. Díaz</u>, *supra*.

## IV.

Por las razones aquí mencionadas, se deniega la expedición del auto de certiorari.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones